| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY | |
| **Caption in compliance with D.N.J. LBR 9004-2(c)**<br>ANDREW SKLAR, ESQ. (AS3105)<br>SKLAR LAW LLC<br>20 Brace Road, Suite 205<br>Cherry Hill, NJ 08034<br>andy@sklarlaw.com<br>(856) 258-4050<br>Attorneys for Andrew Sklar,<br>   Chapter 7 Trustee, Plaintiff | Case No.: 22-19628(ABA)<br><br>Chapter: 7 |
| In Re:<br><br>ORBIT ENERGY & POWER, LLC,<br><br>   Debtor. | Honorable Andrew B. Altenberg |
| ANDREW SKLAR, CHAPTER 7 TRUSTEE,<br><br>   Plaintiff,<br><br>v.<br><br>DELMARVA POWER & LIGHT COMPANY<br><br>   Defendant. | Adv. Pro. No.: 24-_____ |

**COMPLAINT TO AVOID AND POST-PETITION TRANSFERS
PURSUANT TO 11 U.S.C. §§ 549 AND 550 AND FOR RELATED RELIEF**

Andrew Sklar, (the "Trustee") the Chapter 7 Trustee in this proceeding, by and through his undersigned attorneys, Sklar Law LLC, hereby brings his complaint against Delmarva Power & Light Company, (the "Defendant"), and in support thereof, represents as follows:

**NATURE OF THE ACTION**

1. This is an adversary proceeding commenced pursuant to Part VII of the Federal Rules of Bankruptcy Procedure to avoid and recover transfers made by Orbit Energy & Power LLC (the "Debtor") to the Defendant and for related relief. The Trustee seeks to avoid the transfers

1

identified in this complaint pursuant to § 549 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), recover the transfers or the value thereof pursuant to § 550 of the Bankruptcy Code, and obtain and order disallowing any claim of the Defendant pursuant to § 502(d) of the Bankruptcy Code until the Defendant satisfies the full amount of the transfer(s) which constitute the basis for this adversary complaint.

2. To the extent that the Defendant has filed a proof of claim or has a claim listed in the Debtor's schedules of assets and liabilities as undisputed, liquidated and non-contingent or has otherwise requested payment from the Debtor (collectively, the "Claims"), this complaint is not intended to be, nor should it be construed as, a waiver of the right of any party with standing to object to such Claims for any reason including, but not limited to § 502(a) through (j) of the Bankruptcy Code, and the Trustee specifically reserves all such rights.

## JURISDICTION

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

5. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (E) and (F).

## BACKGROUND

6. On December 6, 2022 (the "Petition Date"), the Debtor filed a voluntary petition pursuant to Chapter 11 of Title 11 of the Bankruptcy Code.

7. On February 27, 2023, the Debtor's case was converted to the instant Chapter 7 case (the "Case").

8. Thereafter, on February 27, 2023, Andrew Finberg was appointed trustee of the Debtor's estate.

9. On August 30, 2023, Andrew Sklar was appointed as successor trustee to the Debtor's estate, which appointment remains in place.

10. Upon information and belief, the Defendant has a principal place of business at 630 Martin Luther King Jr. Blvd, Wilmington, DE 19802.

11. In connection with his administration of the Debtor's estate, the Trustee and his professionals have analyzed the Debtor's transactions to determine the existence of claims and causes of action under Chapter V of the Bankruptcy Code.

12. The Trustee and his professionals have conducted reasonable due diligence under the circumstances of the Debtor's Chapter 7 case, including review of the Debtor's schedules of assets and liabilities and statement of financial affairs and the Debtor's books and records.

13. Based on the Trustee's reasonable diligence, taking into account the Defendant's known or reasonably known affirmative defenses under § 549 of the Bankruptcy Code, the amount subject to avoidance and recovery pursuant to § 549 of the Bankruptcy Code is $11,024.20.

## THE TRANSFERS

14. Subsequent to the Petition Date, the Debtor made a transfer of money which constitute property of the Debtor's bankruptcy estate to or for the benefit of the Defendant totaling $11,024.20 on account of services rendered pre-petition, which were not authorized by the Bankruptcy Court as reflected on Exhibit "A" annexed hereto and incorporated herein.

15. The Complaint reflects the current state of the Trustee's knowledge concerning the transfer made by the Debtor to or for the benefit of the Defendant subsequent to the Petition Date for amounts owed to Defendant prior to the Petition Date which were not authorized by the

Bankruptcy Court. During the course of the Case and this proceeding, the Trustee may learn (through discovery or otherwise) of additional transfers of money and/or property made by the Debtor to the Defendant which are avoidable or recoverable under other provisions of the Bankruptcy Code. The Trustee intends to avoid and recover all such transfers, whether or not all such transfers are identified herein. As used in this complaint, any transfer of money and/or property made by the Debtor to or for the benefit of the Defendant (whether or not such transfer is presently identified herein) is referred to as a "Transfer" and collectively, all such transfers are referred to as the "Transfers".

## FIRST CLAIM FOR RELIEF
### (To Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 549 and 550)

16. The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 15 hereof as if set forth at length herein.

17. The Transfers of property of the bankruptcy estate were made subsequent to the Petition Date and were not approved by the Bankruptcy Court.

18. Each of the Transfers were made for or on account of a debt owed by the Debtor before the Petition Date.

19. By reason of the foregoing, the Trustee demands judgment against the Defendant avoiding Transfers pursuant to § 549 of the Bankruptcy Code

## SECOND CLAIM FOR RELIEF
### (To Recover the Transfers or the Value Thereof Pursuant to 11 U.S.C. § 550)

20. The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 20 hereof as if set forth at length herein.

21. The Defendant is the transferee of the Transfers.

22. By reason of the foregoing, the Trustee is entitled to recover the value of the Transfers pursuant to § 550 of the Bankruptcy Code, together with pre-judgment interest thereon through the date of the Defendant's payment, and the costs of this action to the extent permitted by law.

### THIRD CLAIM FOR RELIEF
### (To Disallow the Defendant's Claim, if Any)

23. The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 22 hereof as if set forth at length herein.

24. The Defendant is a transferee of one or more transfers avoidable by the Trustee under Chapter 5 of the Bankruptcy Code and is an entity from which property is recoverable pursuant to § 550 of the Bankruptcy Code.

25. The Defendant has failed to pay the amount of the Transfers, which is avoidable under Chapter 5 of the Bankruptcy Code and recoverable under § 550 of the Bankruptcy Code.

26. Pursuant to § 502(d) of the Bankruptcy Code, any and all Claims of the Defendant against the Debtor or its estate must be disallowed until such time as the Defendant pays to the Trustee an amount equal to the amount of the Transfers, together with interest and costs.

27. Pursuant to § 502(j) of the Bankruptcy Code, any and all Claims of the Defendant must be disallowed until such time as the Defendant satisfied its obligations arising under Chapter 5 of the Bankruptcy Code, together with interest and costs.

### STATEMENT PURSUANT TO FEDERAL RULE OF
### BANKRUPTCY PROCEDURE 7008

28. The Trustee consents to the entry of a final order or judgment by this Court.

WHEREFORE, the Trustee respectfully demands the entry of a judgment in his favor and against Delmarva Power & Light Company, Inc. awarding the following relief:

#663157 v1

  (a) the entry of judgment against the Defendant in the amount of the Transfers, together with pre-judgment interest from the date of each such Transfer, pursuant to 11 U.S.C. § 549;

  (b) the entry of judgment authorizing the Trustee to recover the Transfers or the amount thereof pursuant to 11 U.S.C. § 550.

  (c) the entry of judgment disallowing the Defendant's Claims, pursuant to § 502(d) and/or (j) of the Bankruptcy Code;

  (d) the entry of judgment awarding the Trustee the reasonable costs, fees (including attorneys' fees) and expenses incurred in the commencement and prosecution of this adversary proceedings; and

  (e) the entry of judgment granting such other and further relief as this Honorable Court deems just and proper.

Dated: May 25, 2024        SKLAR LAW LLC

            By: /s/ Andrew Sklar
            Andrew Sklar, Esquire
            20 Brace Road, Suite 205
            Cherry Hill, NJ 08034
            Telephone: (856) 258-4050
            Facsimile: (856) 258-6941
            Email: andy@sklarlaw.com
            Attorneys for Andrew Sklar,
             Chapter 7 Trustee, Plaintiff

#663157 v1